UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEMARIO D. WALKER,

                          Plaintiff,

-against-

UNITED STATES OF AMERICA; ATTORNEY
GENERAL OF NEW YORK; and GOVERNOR OF
NEW YORK,

                        Defendants.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2008
P.M.
TIME A.M.

MEMORANDUM AND ORDER

08-CV-3025 (ENV) (LB)

VITALIANO, D.J.

        On July 7, 2008, plaintiff Demario D. Walker, incarcerated at the South Mississippi Correctional Institution, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below, the complaint is dismissed.

## Background

        Walker alleges that on November 11, 2007, he traveled from Texas to Brooklyn, New York in order to marry his partner of more than four years, Marshall M. Branch. Walker further alleges that, once in New York, he and his partner "applied for a certificate of marriage and were denied because we were both biological males and such marriages were illegal." (See Compl, ¶¶ 7-9; Affidavit at 1.) Walker contends that such actions violated the due process clause and equal protection clause of the Fourteenth Amendment to the United States Constitution. (Compl. ¶ 10.) He seeks injunctive and declaratory relief. (Compl. ¶¶ 11-12.)



## Discussion

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a plaintiff seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret his pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

Here, Walker alleges that he traveled from Texas to Brooklyn, New York in order to marry his same-sex partner on November 11, 2007, however, the information provided in support of his application to proceed in forma pauperis indicates that he has been incarcerated within the Mississippi Department of Corrections system since May 21, 2003. (See Letter from Stan Evans, Director, Inmate Banking/Commissary Operations dated June 25, 2008; see also http://www.mdoc.state.ms.us (plaintiff listed as inmate #L1625, entry date May 21, 2003, total sentence 13 years, 6 months and 21 days).) Therefore, Walker's "factual contentions are clearly baseless" as he could not have traveled to New York from Texas in November 2007, if he was incarcerated in Mississippi at the time. Accordingly, the complaint is dismissed as frivolous

2

pursuant to 28 U.S.C. § 1915A(b).

In any event, Walker fails to state any facts sufficient to hold defendants United States of America, the Attorney General of New York and the Governor of New York, who are immune under the doctrine of sovereign immunity and the Eleventh Amendment, liable for any alleged violation of his constitutional rights. See United States v. Sherwood, 312 U.S. 584 (1941) (United States has sovereign immunity from suit and can only be sued with its consent and under whatever terms Congress may impose); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (a suit against state officials is the same as a suit against the State and is barred by the Eleventh Amendment whether the suit seeks damages or injunctive relief).

## Conclusion

For the reasons set forth above, the complaint, filed in forma pauperis, is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 15, 2008

ERIC N. VITALIANO
United States District Judge