UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
DEMARIO D. WALKER,
                         Plaintiff,

-against-

UNITED STATES OF AMERICA; ATTORNEY
GENERAL OF NEW YORK; and GOVERNOR OF
NEW YORK,
                         Defendants.

----------------------------------------------------------------- X

MEMORANDUM AND ORDER

08-CV-3025 (ENV) (LB)

VITALIANO, D.J.

On July 7, 2008, plaintiff Demario D. Walker filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Walker's complaint alleged that he traveled from Texas to Brooklyn, New York to marry his same-sex partner on November 11, 2007. Walker further alleged that, once in New York, he and his partner "applied for a certificate of marriage and were denied because we were both biological males and such marriages were illegal." (See Compl, ¶¶ 7-9; Affidavit at 1). On August 15, 2008, the Court *sua sponte* dismissed the complaint on grounds that the complaint was frivolous pursuant to 28 U.S.C. § 1915A(b), finding *inter alia*, that since information provided by Walker indicated that he had been incarcerated in Mississippi since May 21, 2003, he could not have traveled to New York in November 2007. On August 28, 2008, Walker moved for reconsideration of the Court's August 15 Order claiming that "he can prove he was out on parole from Mississippi on the dates in question", and to amend his complaint to name new defendants. On September 29, 2008, the Court granted Walker's request to submit documentary evidence establishing that, in November 2007, he was free from physical detention in Mississippi and present in Brooklyn, New York, as he alleges. Upon review of the information submitted by Walker, the Court denies Walker's

1

motion for reconsideration of its previous order dismissing his complaint and denies Walker's motion to amend his complaint to name new defendants.

As an initial matter, the Court is mindful that Walker is proceeding *pro se*. Therefore, this Court "read[s] the pleadings of a *pro se* plaintiff liberally and interpret[s] them to raise the strongest arguments they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999)(internal citations omitted). Nevertheless, simply because a party proceeds *pro se* "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983).

Although Walker submits information showing he was not incarcerated in Mississippi, Walker still fails to establish his presence in New York. Indeed, Walker's submissions point to the contrary – that he was in Mississippi at the time of his alleged injury. Walker's provided documentation includes a certificate of parole ("Certificate") signed by the Mississippi Parole Board dated August 15, 2007, a statement of conditions under which parole is granted ("Conditions"), signed by Walker dated September 17, 2007, and an order of conviction ("Order") signed by Walker and his probation officer dated October 15, 2007. These documents clearly state that a condition of Walker's supervised release is that he must remain within the state of Mississippi unless otherwise authorized. (See Certificate ("it is ordered by the Parole Board that [Walker] be released to continue parole on, September 17, 2007 and said parole remain within limits of Forrest Co. Sheriff's Office (Detainer) until expiration or revocation of said parole"); Conditions ¶5 ("I will not leave my State of residence, even briefly, or any other State to which I am retained or transferred without permission from my Field Officer"); Order at 2, 3, 5 (defendant must "remain within the State of Mississippi, unless authorized to leave upon proper application…")).

Therefore, upon reconsideration of its August 15, 2008 order dismissing the complaint as

2

frivolous pursuant to 28 U.S.C. § 1915A(b), the Court now affirms that order finding that Walker's "factual contentions [were] clearly baseless". Whether to grant a motion for reconsideration "is within the sound discretion of the district court." Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Since Walker has failed to establish a non-frivolous claim, Walker's motion to now amend his complaint to name new defendants is academic. Accordingly, it is denied. See Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir.1999); Hunt v. Alliance North American Gov't Income Trust, Inc., 159 F.3d 723, 728 (2d Cir.1998) (stating that district courts can deny leave to amend when amendment is futile or when there is no merit to the proposed amendments).

In sum, Walker's motions for reconsideration of this Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915A(b) and to amend his complaint to name new defendants, are denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a) that any appeal by plaintiff would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk is directed to mail a copy of this Memorandum and Order to plaintiff Walker.

SO ORDERED.

Dated: Brooklyn, New York
November 24, 2008

/S/

ERIC N. VITALIANO
United States District Judge